

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:07-CR-70** |
| | § | |
| **RONALD CHAD FERGUSON** | § | |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, by order of the District Court, this matter was referred to the undersigned magistrate judge for the submission of findings of fact and a report and recommendation on Defendant's *Motion to Dismiss* [Clerk's doc. #81].

**A.    Background**

Defendant was charged by Criminal Complaint on April 23, 2007. [Clerk's doc. # 1]. The Complaint alleged that alleged that on or about October 6, 2005, in the Eastern District of Texas, Ferguson knowingly and intentionally possessed a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c). *Id.* In addition, the Complaint also charged Ferguson with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). *Id.*

On May 2, 2007, Ferguson was indicted by a federal grand jury sitting in the Eastern District

of Texas. [Clerk's doc. # 16]. Count I of the Indictment charged Ferguson with possessing a Ruger 9mm pistol after being convicted of a felony. Count II charged Ferguson with possession of that same pistol in furtherance of a drug trafficking crime, namely, the possession with the intent to distribute "Ecstasy".

On July 11, 2007, the federal grand jury returned a six-count Superseding Indictment against Ferguson. [Clerk's doc. # 39]. Count I charged Ferguson with possession of the Ruger 9mm pistol after having been convicted of a felony offense, in violation of Title 18, United States Code, Section 922(g)(1). Count II charged Ferguson with possession of the Ruger 9mm pistol in furtherance of a drug trafficking crime, that is, the possession with the intent to distribute "Ecstasy", in violation of Title 18, United States Code, Section 924(c). Count III charged Ferguson with possession with the intent to distribute "Ecstasy", in violation of Title 21, United States Code, Section 841(a)(1). In Count IV, Ferguson was charged with possession of methamphetamine with the intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1). Finally, in Count V, Ferguson was charged with possession of a Russian SKS firearm after having been convicted of a felony offense, in violation of Title 18, United States Code, Section 922(g)(1).

On November 13, 2007, Ferguson filed his *Motion to Dismiss*[1] [Clerk's doc. # 81]. The Government filed its *Response(s) to Defendant's Motion to Dismiss* [Clerk's doc. #86, 87] on November 20, 2007, and November 26, 2007. Ferguson replied with his *Response to the Government's Rebuttal to Defendant's Motion to Dismiss* [Clerk's doc. # 89] on December 3, 2007.

---

[1] Pursuant to Mr. Ferguson's request, he is representing himself, with the Federal Public Defender's Office as standby counsel. Accordingly, he filed his motion *pro se*.

**Ferguson's Motion**

In his motion, Ferguson argues that the Government does not have territorial jurisdiction in this prosecution, assumably because the offenses allegedly occurred within the State of Texas on lands where the jurisdiction was not ceded to the United States by the State of Texas. Relatedly, he argues that Congress has not given power to the district courts to use the Federal Rules of Criminal Procedure inside the jurisdiction of the states.

**The Government's Response**

The Government responds that Title 18, United States Code, Section 3231 provides that the United States has original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States. The Government argues that Ferguson was properly charged with violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §§ 922(g) and 924(c) which allegedly occurred in the Eastern District of Texas and elsewhere.

**Ferguson's Reply**

In his reply Ferguson points to some allegedly factual inaccuracies in the Government's response and again argues that jurisdiction does not exist.

**B.   Analysis**

Title 18, United States Code, Section 3231 gives federal courts original and exclusive jurisdiction over federal crimes. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"); *see also United States v. Casey,* No. CV.04-2844-MI/P, CR.02-20308-MI, 2005 WL 2114059 at *2, 2005 U.S. Dist. LEXIS 43995 (W.D. Tenn. Aug. 30, 2005) (citing *United States v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir. 1992)). Federal courts have exclusive jurisdiction

over offenses against the laws of the United States under Section 3231; the permission of the state is not a prerequisite to exercise that jurisdiction. *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992).

Ferguson is charged with offenses which allegedly occurred within the Eastern District of Texas. While the Government has the burden of proving this fact at trial, it does not have to make a judicial showing of United States ownership of the property or state cession of jurisdiction regarding the specific property involved; that is simply not an element of the offenses charged.[2] *See United States v. Daily*, 921 F.2d 994, 998 (10th Cir. 1990), *overruled on other grounds by United States v. Gaudin*, 515 U.S. 506, 132 L. Ed. 2d 444, 115 S. Ct. 2310 (1995) (*overruling recognized in United States v. Wiles*, 102 F.3d 1043, 1054 (10th Cir. 1996) (en banc)) (finding the argument is "wholly without merit").

The Sixth Circuit Court of Appeals has rejected identical arguments as frivolous. *See United States v. Hamilton*, 263 F.3d 645, 655 (6th Cir.), *cert. denied* 535 U.S. 1007 (2002) (rejecting the argument that Louisville, Kentucky is outside the jurisdiction of the federal government: "This is a frivolous argument that ignores the basic principles of federalism. The fact that Kentucky has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute Hamilton for federal crimes occurring within those same boundaries."); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (defendant's argument that he could not be prosecuted for income tax violations because he was a resident of Michigan and not of any "federal zone" was "completely without merit and patently frivolous").

---

[2] In contrast, the Government has to prove territorial jurisdiction when it is an element of the offense charged. *See United States v. Benson*, 495 F.2d 475, 481 (5th Cir. 1974)(defendant charged with robbery committed "within the special maritime and territorial jurisdiction of the United States).

As stated above, Ferguson makes an additional argument that Congress has not given power to the district courts to use the Federal Rules of Criminal Procedure inside the jurisdiction of the states. This argument is also without merit.

The Federal Rules of Criminal Procedure apply to all criminal proceedings in federal courts. *See Harrison v. Unites States*, 191 F.2d 874, 875 (5th Cir. 1951); *see also* FED. R. CRIM. P. 1(a)(1) ("these rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States"). The Federal Rules of Criminal Procedure were promulgated pursuant to statutory authority granted by Congress to the Supreme Court to prescribe rules of pleading, practice, and procedure in criminal cases in the federal courts. 24 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 601.02 (3d ed. 1997); *see also original version of* FED. R. CRIM. P. 59 (1946); *Order*, 323 U.S. 821 (1944) (making March 21, 1946, the effective date of the original Rules of Criminal Procedure, as transmitted to Congress); and 28 U.S.C. §§ 2072, 2074 (the Rules Enabling Act passed by Congress)[3]; *United States v. Hinton*, No. 99-1340, 2000 U.S. App. LEXIS 12154 (10th Cir. June 2, 2000).

Accordingly, based upon this well-settled precedent, the Court overrules Ferguson's argument that the Federal Rules of Criminal Procedure are inapplicable. Secondly, insofar as Ferguson contends that the Rules do not apply because of his argument that jurisdiction is lacking, the Court also finds this to be without merit as it has already concluded that the jurisdictional issue presented by his motion is frivolous.

---

[3] *See Ortiz v. Fireboard Corp.*, 527 U.S. 815 (1999) (thoroughly discussing the application of the Rules Enabling Act and congressional intent behind that Act).

**C.**     **Conclusion and Recommendation of the Court**

Accordingly, having considered the motion, responses, and relevant precedent, and based upon the findings of fact and conclusions law stated herein, the undersigned magistrate judge recommends that the District Court deny Defendant's *Motion to Dismiss* [Clerk's doc. #81].

**D.**     **Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within ten (10) days of receipt of this report. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 13th day of December, 2007.**

                                                                KEITH F. GIBLIN
                                                                UNITED STATES MAGISTRATE JUDGE